J-S42034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW ALAN ANGLE | : | |
| | : | |
| Appellant | : | No. 125 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001765-2023

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                          **FILED DECEMBER 16, 2025**

Andrew Alan Angle ("Angle") appeals from the judgment of sentence imposed following his convictions for burglary, criminal trespass, receiving stolen property, possession of an instrument of crime, possession with intent to deliver a Schedule I controlled substance (marijuana), possession of a Schedule I controlled substance (marijuana), and possession of drug paraphernalia.[1]  After careful review, we affirm.

In 2023, Angle encountered police after his vehicle became stuck in mud and snow.  Police became suspicious of Angle after his explanations were inconsistent with his subsequent actions, and they viewed his prior criminal history in a database.  A police officer then followed Angle's vehicle to a known

---

[1] **See** 18 Pa.C.S.A. §§ 3502(a)(4), 3503(a)(1)(ii), 3925(a), 907(a); 35 P.S. § 780-113(a)(16), (30), (32).

drug house. Ultimately, a K9 officer was called in to sniff Angle's vehicle and provided a positive alert. Police then obtained a search warrant for the vehicle, resulting in the discovery of several large vacuum-sealed bags of marijuana and drug paraphernalia, including several smoking devices. Police also found bolt cutters and numerous items that had recently been stolen from a nearby adult sex store. The Commonwealth charged Angle with the above-referenced crimes.

In March 2024, the matter proceeded to a jury trial.[2] On Friday March 15, 2024, after counsel had provided their closing arguments, the trial court began charging the jurors. The trial court specifically instructed the jurors that:

> [THE COURT:] Your verdict must be unanimous. This means that in order to return a verdict each of you must agree to it. You have a duty to consult with each other and to deliberate with a view to reaching an agreement, if it can be done without doing violence to your individual judgment.
>
> Each of you must decide the case for yourself, but only after there's been an impartial consideration with your fellow jurors. In the course of deliberations, each of you as jurors should not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.
>
> However, no juror should surrender an honest conviction as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

---

[2] The Commonwealth had also charged Angle with criminal mischief; however, during trial, the prosecutor conceded that there was not enough evidence to support that charge.

N.T., 3/15/24, at 208. Defense counsel raised no objection to these instructions. The jury exited the courtroom at 5:35 p.m. to begin its deliberations. *See id*. at 210.

At 8:52 p.m., the jury sent a note to the trial court judge, who then conducted the following colloquy with counsel:

> THE COURT: So, we got a note from the jury that states is there a time limit for tonight? What happens if we can't all agree? How do we know when to declare a hung jury? I've got the dynamite charge, which I'm going to give, which includes if they've - - asking them if they've reached a verdict on any of the charges. So, I'm going to do this, send them back in. Any objections? Addition? Corrections?
>
> [DEFENSE COUNSEL]: Nothing from the defense.
>
> [PROSECUTOR]: Nothing from the Commonwealth.
>
> * * * *
>
> THE COURT: The parties can be seated. All right. So, madame Foreperson, I've received a note from the jury. I've marked it as Court's Exhibit 1. It states is there a time limit for tonight? What happens if we can't all agree? How do we know when to declare a hung jury?
>
> I remind you that in order to return a verdict on any charge you must agree unanimously on that specific charge. Each of you has a duty to consult with one another and to deliberate with the view to reaching an agreement if it can be done without violence to your individual judgment; however, each of you must decide this case for yourself after impartial consideration of the evidence with your fellow jurors.
>
> While you should not hesitate to re-examine your own views and change your opinion if you're convinced your opinion is erroneous, do not feel compelled to surrender your honest belief as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

- 3 -

Now, have you reached - - without telling me what, have you reached a verdict on any of the charges?

FOREPERSON: Yes.

THE COURT: So, here's what I'm going to do. I'm going to send you back. It's Friday. You can't – obviously, you can't come back tomorrow and you can't come back Monday. So, I've had juries that have gone out until midnight. Okay. But what I'm going to do, you're going to go back with these instructions, see if you can deliberate more.

And, you're going to write down on a piece of paper which verdicts you've reached a verdict on. Don't tell me what they are, but we've reached a verdict on 1, 2, 5, whatever it is, and then pass that note. Is there also any other instructions I can go over again? Do you need me to reread anything?

FOREPERSON: Not to my knowledge. That was the only question we had.

*Id*. at 213-15.

The trial court thereafter re-read the instructions on two of the charges that the jury was stuck on — possession with intent to deliver and receiving stolen property. *See id*. at 215-19. Once again, defense counsel raised no objections whatsoever during the exchange between the trial court, the foreperson, and the jury. The jury exited the courtroom at 9:08 p.m. *See id*. at 219.

At 11:17 p.m., the jury sent a note to the trial court indicating that it had reached a verdict on three of the seven charges. *See id*. at 220. The trial court then conducted the following exchange with counsel:

THE COURT: So[,] they've reached a verdict on drug paraphernalia, simple possession, and receiving stolen property.

- 4 -

I'm going to ask them if they're hopelessly deadlocked, if they need more time. If they don't, I intend to declare a mistrial on the other counts. Is that acceptable to both parties?

[PROSECUTOR]: yes, Your Honor.

*Id*. at 220. Once again, defense counsel raised no objection whatsoever to the trial court's suggested course of action. *See id*.

The trial court then called in the jury and conducted the following exchange with the foreperson:

THE COURT: Okay. Madame Foreperson, I've received a message from you all that you have reached a verdict on three of the seven counts. Have you, indeed, reached a verdict on three of the seven counts?

FOREPERSON: Yes.

THE COURT: By inverse, you have not reached a decision on the remaining four counts; is that correct?

FOREPERSON: Correct.

THE COURT: In your judgment, is there a reasonable probability of the jury reaching a unanimous verdict on those four charges?

FOREPERSON: (No response.)

THE COURT: And here's the deal, I will give you more time. We will stay here until you think you've exhausted all reasonable probability of reaching a verdict. So[,] we could go to 2:00 in the morning, if necessary. But it has to be a reasonable probability.

Each of you has a duty to consult with one another and to deliberate with a view to reaching an agreement if, again, it could be done without violence to your individual judgment. Each of you must decide this case for yourself, however, after impartial consideration of the evidence with your fellow jurors.

So, I ask you again. You can go back and talk about it and say, hey, do you think we can reach a verdict? But my question to you, [i]n your judgment is there a reasonable probability of the jury reaching a unanimous verdict on any of the remaining four counts?

FOREPERSON: I'd like 20 minutes to talk with us to do one final check to see if anybody changed their mind after the last discussion we had.

THE COURT: do you need any additional or clarifying instructions on the law?

FOREPERSON: I don't think so at this time.

THE COURT: Okay. You got 20 minutes. Go ahead.

*Id*. at 221-22. Once again, defense counsel raised no objection whatsoever to any aspect of the deliberation proceedings or to the trial court's instructions to or interactions with the foreperson or the jury.

Shortly thereafter, at 11:47 p.m., the jury sent a note informing the trial court that it had reached a unanimous verdict on all charges. The trial court called the jury into the courtroom and the foreperson indicated that they had reached a verdict of guilty on all charges. *See id*. at 223-26. The trial court then polled the jury, and each juror informed the trial court of his or her vote of guilty on each of the seven charges. *See id*. at 226-30. Once again, defense counsel raised no objection whatsoever to any aspect of the deliberation proceedings or to the trial court's instructions to or interactions with the foreperson or the jury. Indeed, when the trial court asked counsel if there were "Any corrections? Additions?" defense counsel stated, "None from the defense." *Id*. at 231-32.

On April 26, 2023, the trial court sentenced Angle to two and one-half to six years in prison. Angle filed a timely post-sentence motion. Angle then sought leave to file a supplemental post-sentence motion, indicating that he would be ordering the trial transcripts. The trial court granted this request and established a new hearing date for the motion. Angle then sought several continuances. Because the 120-day period in which the trial court could decide the post-sentence would expire on August 31, 2024, the trial court extended the time for issuing a decision pursuant to Pa.R.Crim. P. 720(B)(3)(c), and again rescheduled the hearing for September 16, 2024, noting that the extension of time for the court to decide the post-sentence motion would expire on September 30, 2024.

The parties appeared before the trial court on September 16, 2024; however, defense counsel again indicated that he had not received the transcripts to prepare a supplemental post-sentence motion. The trial court provided defense counsel with an additional three days to file a supplemental post-sentence motion; however, the court noted that if the defense failed to file a supplemental post-sentence motion by September 19, 2024, the trial court would deem the motion denied. Angle never filed a supplemental post-sentence motion. Further, no order was ever entered denying the post-sentence motion, either directly or by operation of law. On January 28, 2025,

Angle filed a notice of appeal.[3]  The trial court did not order Angle to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  However, the trial court authored a statement in lieu of an opinion pursuant to Rule 1925(a).[4]

Angle raises the following issue for our review:

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT INSTRUCTED THE JURY TO CONTINUE DELIBERATIONS AFTER MULTIPLE DEADLOCK NOTIFICATIONS, COUPLED WITH STATEMENTS IMPLYING THAT DELIBERATIONS WOULD CONTINUE LATE INTO THE NIGHT UNTIL A UNANIMOUS VERDICT WAS REACHED, THEREBY COERCING THE JURY INTO RENDERING A GUILTY VERDICT?

Angle's Brief at 5 (capitalization in original).

Our standard of review regarding a jury instruction challenge is well-settled.  We review jury charges, including supplemental jury charges, for an

---

[3] A notice of appeal must be filed within thirty days from the entry of the order from which the appeal is taken.  **See** Pa.R.A.P. 903(a).  If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within thirty days of the entry of the order deciding the motion.  **See** Pa.R.Crim.P. 720(A)(2)(a).  However, this Court has held that a court breakdown occurs when the trial court clerk fails to enter an order deeming the post-sentence motion denied by operation of law pursuant to Pa.R.Crim.P. 720.  **See** **_Commonwealth v. Patterson_**, 940 A.2d 493, 498-99 (Pa. Super. 2007) (holding that the clerk's failure to enter an order constitutes a court breakdown, excusing the appeal's untimeliness).  Here, as the clerk of courts did not enter an order denying Angle's post-sentence motion by operation of law so as to trigger the appeal period, we decline to quash the appeal as untimely, and instead proceed to consider Angle's substantive issue.

[4] In its statement, the trial court deemed all issues waived for appellate review based on the untimeliness of Angle's appeal.  As indicated above, we decline to quash the appeal as untimely due to a court breakdown.

abuse of discretion. *See Commonwealth v. Santiago*, 424 A.2d 870, 873 (Pa. 1981).

A *Spencer* charge, also referred to as a "dynamite charge," is an instruction designed to "blast loose" a deadlocked jury by directing the jury members "to continue to deliberate, with an open mind to reconsideration of views, without giving up firmly held convictions." *Commonwealth v. Greer*, 951 A.2d 346, 348 (Pa. 2008) (*citing Commonwealth v. Spencer*, 275 A.2d 299 (Pa. 1971)). Whether to give a *Spencer* charge is a matter for the exercise of the trial court's sound discretion. *See id*. at 354. As the *Greer* Court explained:

> [T]he question of the proper duration of jury deliberations is one that rests within the sound discretion of the trial court, whose decision will not be disturbed unless there is a showing that the court abused its discretion or that the jury's verdict was the product of coercion or fatigue. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The use of supplemental charges to the jury has long been sanctioned. Moreover, this Court in *Spencer* recognized that, "[d]eadlocked juries are a matter of concern to both the bench and the bar." [*Spencer*,] 275 A.2d at 304. On the other hand, *Spencer* also emphasized that a conviction will be reversed if it was coerced by the court's charge.

*Id*. at 354-55 (some citations and quotation marks omitted).

Importantly, "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010);

- 9 -

*see also Commonwealth v. Powell*, 956 A.2d 406, 428 (Pa. 2008) (holding that "[t]he absence of a contemporaneous objection below constitutes a waiver of appellant's current claim respecting the trial court's instructions"); Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

In the instant matter, our review of the trial transcripts reveals that defense counsel never objected to the trial court's *Spencer* instructions to the jury to continue its deliberations. *See* N.T., 3/15/24, at 208-22. As explained above, the failure to lodge a specific and timely objection to a particular jury instruction results in waiver of that challenge on appeal. *See Moury*, 992 A.2d at 178. *see also Powell*, 956 A.2d at 428; Pa.R.A.P. 302(a). Accordingly, as defense counsel raised no objection whatsoever to any aspect of the deliberation proceedings or to the trial court's *Spencer* instructions to the jury to continue its deliberations, we are constrained to find that Angle's sole issue on appeal is waived. Consequently, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/16/2025